# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| **MOHAMMAD KHOSHNEVISZADEH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:22-cv-12** |
| | ) | |
| **SAM'S WEST, INC., and** | ) | |
| **KEVIN COKELEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331-1332, 1367, 1441 and 1446, Defendants Kevin Cokeley and Sam's West, Inc. (collectively "Defendants"), file this Notice of Removal to the United States District Court for the Western District of Missouri, Western Division. Removal is proper based on the following grounds:

## I.      Facts

1.      On November 17, 2021, Plaintiff Mohammad Khoshneviszadeh ("Plaintiff") filed his Petition for Damages ("Petition") captioned *Mohammad Khoshneviszadeh v. Sam's West, Inc., et al.*, Case No. 2116-CV25207, in the Circuit Court of Jackson County, Missouri at Independence (the "State Court Action"). In the State Court Action, Plaintiff asserts five claims against Sam's West, Inc., including age, race/color, disability, and national origin discrimination as well as a violation of the Missouri Service Letter Law. Plaintiff also asserts two Missouri common law claims against Kevin Cokeley, including slander/defamation and tortious interference with contract.

2.      The Civil Cover Sheet associated with this Notice is attached hereto as **Exhibit A**.

3.     True and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as **Exhibit B**.

4.     Defendant Cokeley was served with the Petition on December 9, 2021 and Defendant Sam's West, Inc. was served with the Petition on December 14, 2021. *See* Exhibit B, Affidavits of Service.

5.     Defendants have not filed an Answer or other pleading in the State Court Action.

## II.     This Court has Federal Question Jurisdiction.

6.     Plaintiff alleges that on "September 16, 2021, the EEOC issued a notice [*sic*] of Right to Sue." *See* **Exhibit B**, Petition ¶ 33.

7.     Plaintiff alleges that his "action is timely commenced, as it has been filed within 90 days of the issuance of the afore-mentioned Notice of Right to Sue. Thus, the Plaintiff has duly met all administrative requirements." *See* **Exhibit B**, Petition ¶ 34.

8.     Plaintiff does not, however, allege that he received a Notice of Right to Sue from the Missouri Commission on Human Rights ("MCHR"), despite alleging that he filed a charge of discrimination with both the MCHR and the Equal Employment Opportunity Commission. *See* **Exhibit B**, Petition, ¶ 32.

9.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1]

10.     "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

---

[1] 28 U.S.C. § 1331.

when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[2]

11.     The Notice of Right to Sue issued by the EEOC to Plaintiff states that the notice was Plaintiff's "Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. **Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice […].**" *See* **Exhibit C**, Plaintiff's EEOC Notice of Right to Sue.

12.     Because Plaintiff has *only* received an EEOC Notice of Right to Sue, he is limited to **<u>only</u>** asserting discrimination claims under applicable federal laws.

13.     Therefore, the Court has original jurisdiction over Plaintiff's federal discrimination claims and as a result, supplemental jurisdiction over all of his other claims because they are a part of the same case and controversy.[3]

14.     Accordingly, this action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and which may be removed to this Court pursuant to 28 U.S.C. §1441.

## III.     This Court has Diversity Jurisdiction.

15.     Even if a federal question did not exist as set forth above, this Court has jurisdiction over this action based on diversity of citizenship.

16.     Plaintiff alleges that he is a resident of the State of Missouri. *See* Exhibit B, Petition ¶ 1.  Therefore, Defendants believe in good faith that Plaintiff is a citizen of the State of Missouri

---

[2] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987); see also Energy Masters Commer. Mo, LLC v. Metro. Energy Ctr., No. 14-00070-CV-W-HFS, 2014 U.S. Dist. LEXIS 200126, at *3-4 (W.D. Mo. Aug. 18, 2014) ("Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is generally established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Thus, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law.").

[3] See 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

3

for purposes of diversity jurisdiction.

17.      Plaintiff correctly alleges that Defendant Sam's West, Inc. is an Arkansas Corporation.  *See* Exhibit B, Petition ¶ 2.  Sam's West, Inc. is an Arkansas Corporation with its principal place of business in the State of Arkansas.  *See* **Exhibit D**, Sam's West, Inc.'s Annual Report filed with the Missouri Secretary of State.

18.      Plaintiff correctly alleges that Defendant Cokeley is a Missouri resident.  *See* Exhibit B, Petition ¶ 2.  However, Defendant Cokeley is a "sham" Defendant.

19.      Plaintiff alleges that Defendant Cokeley (who was also an employee of Defendant's Sam's) "reported Plaintiff to the Board of Pharmacy" and that in "complaining to the Board of Pharmacy, Defendant Cokeley, with reckless disregard for the truth, published false and incorrect statements about Plaintiff to others, including to Defendant Sam's and the Board of Pharmacy." *See* Petition, ¶¶ 18, 67.

20.      Plaintiff alleges that Defendant Cokeley stated that "Plaintiff failed to, among other things, properly abide by the screening process." *See* Petition, ¶ 68.

21.      Plaintiff also alleges that Defendant Cokeley, "by making improper accusations to the Board of Pharmacy, caused a breach in the contractual relationship between Plaintiff and Sam's." *See* Petition, ¶ 79.

22.      Plaintiff's claims of slander/defamation and tortious interference are recognized theories of liability under Missouri law.

23.      However, where a tortious interference claim is based upon an alleged defamation, if a plaintiff's defamation claim fails, the tortious interference claim must also fail because the plaintiff cannot establish an absence of justification as a matter of law.[4]

---

[4] *Castle Rock Remodeling, LLC v. Better Bus. Bureau of Greater St. Louis, Inc.*, 354 S.W.3d 234, 245 (Mo. App. E.D. 2011).

24.     In Missouri, the elements of defamation are: (1) publication, (2) of a defamatory statement (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault and (6) damages the plaintiff's reputation.[5]

25.     In determining whether a plaintiff can survive a motion to dismiss a defamation claim for failure to state a cause of action, the court must determine whether the statement is capable of having a defamatory meaning.[6]

26.     Here, Plaintiff cannot show a defamatory statement was made of that any statement was false.

27.     Therefore, Plaintiff's claims of slander/defamation[7] and tortious interference fail as a matter of law.

28.     Though creative, these claims fail as a matter of law and cannot be used to defeat diversity jurisdiction in this dispute between a Missouri employee and his out-of-state employer.

29.     Plaintiff's naming Defendant Cokeley as a party to this action is improper because there is no possibility that Plaintiff can establish a prima facie claim against him. The citizenship of a non-diverse party named in the state court action may be disregarded should the federal court determine that the party's joinder is "fraudulent" so that no possible cause of action can be stated against that party.

30.     Plaintiff alleges that Defendant Sam's West, Inc. was "at all times relevant hereto [. . .] an 'employer' within the meaning of the Missouri Human Rights Act." *See* Petition, ¶ 29.

31.     To the extent Plaintiff is asserting any claim for violation of the Missouri Human Rights Act ("MHRA"), such claim(s) will fail as the MHRA "shall provide the exclusive remedy

---

[5] *Nazeri v. Missouri Valley College*, 860 S.W.2d 303 (Mo. banc 1993).
[6] *Castle Rock Remodeling*, at 239.
[7] To state an actionable claim of slander, Plaintiff must likewise identify the alleged, slanderous statement. *See* M.A.I. 23.10(1).

for any and all claims for injury or damages arising out of an employment relationship."[8]

32.    Similarly, Title VII preempts Plaintiff's common law claims against Defendant Cokeley, as such claims are duplicative and unwarranted.[9]

33.    Plaintiff's claims against Defendants arise out of the same transaction and occurrence (his employment relationship with Sam's), in that Plaintiff seeks relief as a result of being discharged from his employment with Sam's.

34.    Therefore, Plaintiff's claims of slander/defamation and tortious interference against Cokeley are expressly preempted by the MHRA, to the extent Plaintiff is asserting an MHRA claim.

35.    Accordingly, for purposes of diversity jurisdiction, the Missouri citizenship of Defendant Cokeley should be disregarded because no possible cause of action has been, or could be, stated against him.

36.    The United States Supreme Court and the Eighth Circuit have long instructed that whether the amount in controversy is satisfied is determined based on the damages that plaintiff seeks in his petition, to which he might be entitled under the controlling law for the claims pled. In other words, if a plaintiff has articulated a legal basis for a potential award of damages which might satisfy the jurisdictional amount, then federal jurisdiction exists.[10]

37.    In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claims for punitive damages, statutory attorneys' fees, and for emotional distress.[11]

---

[8] See R.S.Mo. § 213.070.
[9] See Schneider v. Sullivan Univ., No. 4:01 CV 1237 LMB, 2004 U.S. Dist. LEXIS 31818, at *33 (E.D. Mo. Aug. 4, 2004) (Plaintiff's common law claim of tortious interference dismissed as preempted by Title VII).
[10] St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 89, 58 S.Ct. 586, 590 (1938); Kopp v. Kopp, 280 F.3d 883, 884-885 (8th Cir. 2002).
[11] See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001); see also Embry v. Everest College, 2016 WL 468012 (W. D. Mo. September 6, 2016) (stating that "damages for emotional distress, punitive damages,

38.     It is readily evident that a fact finder could legally conclude that the damages Plaintiff seeks exceed the jurisdictional requisite of $75,000 based on: (1) the extensive allegations and prayers for damages under Plaintiff's MHRA claims and (2) the availability under the MHRA of significant damages, including compensatory and punitive damages, as well as attorneys' fees on these claims.

39.     Plaintiff alleges numerous types of damages available for alleged violation of the MHRA which could exceed $75,000.  Most notably, Plaintiff seeks recovery "for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred…" *See* Petition, Counts I – IV WHEREFORE Paragraphs.

40.     On the face of the Petition, Plaintiff also seeks recovery of punitive damages. *See* Petition, Counts I - IV WHEREFORE Paragraphs; *see also* R.S.Mo. § 213.111.2.

41.     Plaintiff's Petition acknowledges that he sustained damages that "exceed $25,000.00," and Plaintiff's claim for attorneys' fees under the MHRA **alone** creates the distinct probability of a recovery in excess of $75,000 if plaintiff prevails.[12]

42.     The amount in controversy with respect to Defendant Cokeley should be disregarded for the reasons set forth above.

43.     Accordingly, this Court has original jurisdiction over this action pursuant to 28

---

or attorneys' fees. . . may be considered when assessing whether the amount in controversy has been met"); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (finding it "rational to include the future legal expenses in calculating the amount in controversy").

[12] *See DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. App. 2014) (trial court erred by reducing claim for attorneys' fees of $133,198.50 under the MHRA based on a jury compensatory damage award of $7,500.00).  There can be no doubt that if this multi-claim action proceeds to a jury some months from now, Plaintiff's potential fee claim alone likely would exceed $75,000.

7

U.S.C. § 1332(a)(1) and (2), and it may be removed to this Court pursuant to 28 U.S.C. §1441.

## IV. Venue is appropriate in this Court.

44.     Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Jackson County, Missouri, where the State Court Action was filed is located in Jackson County, which in turn is within the confines of the Western District of Missouri. Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

45.     Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including but not limited to improper service of process, improper venue, lack of personal jurisdiction, or Plaintiff's failure to state any claims upon which relief may be granted.

46.     A copy of this *Notice of Removal* and exhibits hereto has been served upon Plaintiff, and, together with a *Notice of Filing of Removal*, will be filed with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendants pray that further proceedings in the Circuit Court of Jackson County, Missouri, be discontinued and that said Case Number: 2116-CV25207 now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri, Western Division, and that such Court assume full jurisdiction of such action as provided by law.

Dated:  January 10, 2022

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kyle B. Russell*
Kyle B. Russell, MO Bar #52660
Joshua J. Cervantes, MO Bar #69033
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com
Joshua.Cervantes@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2022, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF electronic filing system, with a copy sent via electronic mail in PDF format to the following counsel of record:

Phillip M. Murphy II
The Law Office of Phillip M. Murphy II
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
phillip@phillipmurphylaw.com

ATTORNEY FOR PLAINFIFF

*/s/ Kyle B. Russell*
AN ATTORNEY FOR DEFENDANTS

9