# Exhibit B

## Documents filed in the
## State Court Action

Electronically Filed - Jackson - Independence - November 17, 2021 - 09:55 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | Division |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S WEST, INC., | ) | |
| | ) | |
| And | ) | |
| | ) | |
| KEVIN COKELEY, | ) | |
| Defendants. | ) | |

### PETITION FOR DAMAGES

COMES NOW, Plaintiff Mohammad Khoshneviszadeh, by and through the undersigned counsel, and for his causes of action against Defendants Sam's West, Inc., (hereinafter, "Sam's", or "Defendant") and Kevin Cokeley, states, alleges and avers as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff is, and at all times pertinent was, a resident of Missouri.

2.    Defendant Sam's West, Inc., is an Arkansas corporation doing business at 3500 NE Ralph Powell Road, in Lee's Summit.

3.    Defendant may be served through its registered agent, CT Corporation System, 120 South Central Avenue, St. Louis, Missouri, 63105.

4.    Defendant Cokeley is and at all times pertinent hereto was, a Missouri resident.

5.     Plaintiff started working for WalMart and Sam's Club, in Feb., 2000.  He was employed as a pharmacist.

6.     Starting in 2006, he moved exclusively to Sam's Club.

7.     Plaintiff worked there until his termination in September, 2020.

8.     In this time Plaintiff was never disciplined by the company.

9.     Plaintiff seldom, if ever had any customer or co-worker complaints.

10.     Though Plaintiff worked all over western Missouri and eastern Kansas, he reported to the pharmacy at the Sam's Club at 4100 South Bolger Road, in Independence, Jackson County, Missouri.

11.     Plaintiff's regional manager made the decision to fire him. His name is Tim Keehn.

12.     Keehn is notorious for yelling at and belittling the staff, including pharmacists.

13.     While employed, Plaintiff was earning $78.00 per hour.  In many years, he earned in excess of $180,000.00.

14.     On or about August 14, 2020, Plaintiff became aware that his wife had tested Covid positive. Plaintiff immediately contacted the pharmacy managers and the store manager, and closed the pharmacy, and left work.  Plaintiff obtained a Covid test, and tested negative.  Plaintiff had no symptoms, and was placed back on the schedule five days after notifying his employer about the exposure.

15.     Upon returning to Sam's Club, Plaintiff began undergoing daily temperature tests and screenings.  He also checked his temperature throughout the day, every day.

2

Electronically Filed - Jackson - Independence - November 17, 2021 - 09:55 PM

Plaintiff had been told that he could use the application provided to the employees to do this, and he always used the screening entrance when going to work.

16.     Plaintiff attempted to use the pharmacy application, but it was not working. He tried several times, and was told that multiple people were having issues with it.

17.     Later that night, Plaintiff learned that he did have a temperature. He advised his employer of this condition. He further advised them that it would be imprudent to return to work until his symptoms subsided, and until he had a subsequent test.

18.     Shortly thereafter, one of Plaintiff's co-workers– co-Defendant Cokeley– reported Plaintiff to the Board of Pharmacy.

19.     Subsequently, Plaintiff was terminated, on September 6, despite doing everything that he was asked to do.

20.     Plaintiff's condition affected major life activities when he was ill. Further, he was perceived to have had Covid, and perceived to have had a condition which affected major life activities. His wife's Covid also affected her major life activities, and further people perceived her to have had her major life activities impaired while she was sick.

21.     Plaintiff was terminated because of perceived disability, and further being associated with someone– his wife– who is perceived to have a disability.

22.     In addition, Plaintiff is over the age of 40, has brown skin, and is of Middle Eastern descent. He was born in Iran and considers himself Persian.

23.     Plaintiff believes he was terminated bases of race and my age. Further, he also believes his race and national origin played a role in his termination, as Keehn is white.

24. After Plaintiff's termination, the Board of Pharmacy determined that he did nothing wrong.

25. This action has continued, and the acts described herein are interrelated, as Sam's made false reports to the Board of pharmacy and continued to disparage him after firing him.

26. The discrimination of which Plaintiff complains was not a series of discrete acts, but rather a continuing series of interrelated acts.

27. Shortly after the termination, on or about March 1, 2021, Plaintiff submitted to his employer a service letter, pursuant to Chapter 290.

28. Sam's has never responded.

29. Defendant Sam's, at all times relevant hereto, is and has been an "employer" within the meaning of the Missouri Human Rights Act.

30. The Court, being a court of competent jurisdiction, has original subject matter jurisdiction over all of the Plaintiff's claims.

31. Further, in so far as Defendant Sam's, at all times pertinent hereto, conducted and continues to conduct business in Jackson County, Missouri; the Plaintiff was employed by the Defendant Sam's at its Jackson County, Missouri, location; and the unlawful practices and all other transactions alleged herein were committed in Jackson County, Missouri, venue is proper in Jackson County.

32. After being terminated, Plaintiff filed a timely charge of discrimination, with the Missouri Commission on Human Rights (hereinafter, "MCHR") and the Equal Opportunity Employment Commission (hereinafter, "EEOC"), asserting discrimination based on age, disability, race, color, and national origin. The charge numbers are E-

4

03/21-52799 and 28E-2021-00430C. The allegations contained in the charge are incorporated, by reference, as if more fully set forth herein.

33.     On September 16, 2021, the EEOC issued a notice of Right to Sue.

34.     This action is timely commenced, as it has been filed within 90 days of the issuance of the afore-mentioned Notice of Right to Sue. Thus, the Plaintiff has duly met all administrative requirements.

35.     The actions of Defendant Sam's and its agents and employees were willful and malicious, the result of evil motive, or in reckless indifference to the Plaintiff's rights. Thus, Plaintiff is entitled to punitive damages, as determined by a jury.

## COUNT I.   AGE DISCRIMINATION (DEFENDANT SAM'S)

36.     Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

37.     At all times relevant to this matter, Plaintiff was over 40 years of age.

38.     Plaintiff, while employed by the Sam's, was the subject of adverse action and discrimination by Sam's, on the basis of age, on a continuous basis, from August, 2021, until his termination.

39.     The Sam's acts of discrimination include, but are not limited to, one or more of the following:

   a.  Making inappropriate comments to the Plaintiff, relating to his age.

   b.  Harassing Plaintiff because of his age.

   c.  Reprimanding the Plaintiff, but not reprimanding other similarly situated employees, because of the Plaintiff's age.

   d.  Terminating the Plaintiff, because of his age.

5

40.     As a direct and proximate cause of the actions and conduct set forth herein, because of her age, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

41.     Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count I of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT II.  RACE AND COLOR DISCRIMINATION (DEFENDANT SAM'S)

42.     Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

43.     Plaintiff has brown skin and is of Middle Eastern descent.

44.     Plaintiff, while employed by the Defendant Sam's, was the subject of adverse action and discrimination by Defendant Sam's, on the basis of race/color, on a continuous basis, from August, 2021, until his termination.

45.     The Defendant Sam's acts of discrimination include, but are not limited to, one or more of the following:

    a. Making inappropriate comments to the Plaintiff, relating to race/color, that were not  made to a similarly situated white employee.

6

b. Placing the Plaintiff in a position where performing his job would be more difficult, and placing him in such a position because of race color.

c. Reprimanding the Plaintiff, because of race/color, but not reprimanding other similarly situated white employees.

d. Terminating the Plaintiff, because of race and color, but not terminating similarly situated white employees.

46.    As a direct and proximate cause of the actions and conduct set forth herein, because of his race and color, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

47.    Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count II of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT III. DISABILITY DISCRIMINATION (DEFENDANT SAM'S)

48.    Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

49.    Plaintiff and his wife were perceived to have been disabled, and while she was sick Plaintiff's wife was disabled.

7

50.     Plaintiff, while employed by the Defendant Sam's, was the subject of adverse action and discrimination by Defendant Sam's on the basis of perceived disability, as well as having a disabled relative, on a continuous basis, from August, 2021, until his termination.

51.     The Defendant Sam's acts of discrimination include, but are not limited to, one or more of the following:

  a. Making inappropriate comments to the Plaintiff, relating to disability, that would not have otherwise been made.

  b. Placing the Plaintiff in a position where performing his job would be more difficult, because of disability.

  c. Reprimanding the Plaintiff, because of disability.

  d. Terminating the Plaintiff, because of disability.

52.     As a direct and proximate cause of the actions and conduct set forth herein, because of disability, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

53.     Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the

8

Court deems proper and just.

## COUNT IV. NATIONAL ORIGIN DISCRIMINATION (DEFENDANT SAM'S

54.    Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

55.    Plaintiff has brown skin and is of Middle Eastern descent. He was born in Iran.

56.    Plaintiff, while employed by the Defendant Sam's, was the subject of adverse action and discrimination by Defendant Sam's, on the basis of national origin, on a continuous basis, from August, 2021, until his termination.

57.    The Defendant Sam's acts of discrimination include, but are not limited to, one or more of the following:

a. Making inappropriate comments to the Plaintiff, relating to national origin, that were not  made to a similarly situated white employee.

b. Placing the Plaintiff in a position where performing his job would be more difficult, and placing him in such a position because of national origin.

c. Reprimanding the Plaintiff, because of national origin, but not reprimanding other similarly situated white employees.

d. Terminating the Plaintiff, because of national origin, but not terminating similarly situated white employees.

58.    As a direct and proximate cause of the actions and conduct set forth herein, because of his national origin, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering,

9

inconvenience, and loss of enjoyment of life.

59.     Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count IV of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:  an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT V.  VIOLATION OF MISSOURI SERVICE LETTER LAW (DEFENDANT SAM'S)

60.     Plaintiff incorporates each and every preceding paragraph of this Petition as if more fully set forth herein.

61.     Plaintiff properly requested a letter of dismissal or "service letter", from Defendant Sam's, pursuant to RSMo. 290.140.

62.     Defendant Sam's is an employer covered within 290.140.

63.     Plaintiff is an employee entitled to request a service letter, pursuant to RSMo. 290.140, in that he was employed for at least 90 days prior to his discharge.

64.     Defendant Sam's failed to issue a proper and compliant service letter, in that it did not send a service letter at all.

65.     Defendant Sam's has acted in reckless disregard of Plaintiff's rights and/or with evil motive, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count V

10

of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including punitive damages.

### COUNT VI. SLANDER AND DEFAMATION (DEFENDANT COKELEY)

66. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

67. In complaining to the Board of Pharmacy, Defendant Cokeley, with reckless disregard for the truth, published false and incorrect statements about Plaintiff to others, including to Defendant Sam's and the Board of Pharmacy.

68. These statements were made outside the scope of his employment with Defendant Sam's, and not a part of his job duties. Specifically, Cokeley stated that Plaintiff failed to, among other things, properly abide by the screening process.

69. Cokeley knew or with reasonable care could have discovered these statements to be false or materially misleading.

70. The statements were defamatory and affected and damaged Plaintiff's reputation in business and his integrity, and also had the stigma of falsely accusing him of a professional violation.

71. The statements were published with the requisite degree of fault, which is negligence, as Plaintiff is a private figure.

72. The statements resulted in actual damage to Plaintiff, including termination, a delay or denial of his unemployment benefits, and further, limited his opportunities to obtain employment following his termination.

73. Defendant Cokeley acted with reckless disregard of Plaintiff's rights and/or evil motive, justifying an award of punitive damages.

11

74. Cokeley performed these actions outside and beyond the scope of his employment with Sam's.

75. As a direct and proximate result of Cokeley's actions Plaintiff has sustained and continues to sustain damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Cokeley, on Count VI of his Petition, for damages incurred, as determined by a jury; for punitive damages, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT VII.       TORTIOUS INTERFERENCE (DEFENDANT COKELEY)

76. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

77. Plaintiff and Defendant Sam's entered into a contract for services in which he would work for Sam's, in return for money.

78. Defendant Cokeley had reason to know that Plaintiff was employed by Sam's.

79. Defendant Cokeley, by making improper accusations to the Board of Pharmacy, caused a breach in the contractual relationship between Plaintiff and Sam's.

80. There was no cause or justification for the conduct of Defendant Cokeley.

81. As a result of the tortious interference of Defendant Cokeley, Plaintiff suffered, and will continue to suffer damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment against Defendants Cokeley on Count VII of the Petition, in excess of $25,000.00, for his past and future lost income and revenue, for costs, and for such other and further relief as the

Court may deem just and equitable.

DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**THE LAW OFFICE OF PHILLIP M. MURPHY II**

_/s/ Phillip M. Murphy II_

PHILLIP M. MURPHY II       #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
(p)    913-661-2900    (f)    913-312-5841
E-mail: phillip@phillipmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**

13

Electronically Filed - Jackson - Independence - November 17, 2021 - 09:55 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | Division |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S WEST, INC., | ) | |
| | ) | |
| And | ) | |
| | ) | |
| KEVIN COKELEY, | ) | |
| Defendants. | ) | |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS21-0022 | David Garza PPS21-0134 | Heather Merfen PPS21-0060 |
| Sallie Bailey PPS21-0023 | Bradley Gordon PPS21-0038 | Thomas Melte PPS21-0061 |
| Brian Bankowski PPS21-0099 | Thomas Gorgen PPS21-0039 | Jill Miller PPS21-0178 |
| Dustin Becraft PPS21-0024 | Mason Gray PPS21-0140 | Michael Miller PPS21-0062 |
| Carrington Bell PPS21-0025 | Charles Gunning PPS21-0040 | Matthew Millhollin PPS21-0063 |
| Miranda Bergner PPS21-0101 | Michael Hancock PPS21-0041 | Jason Moody PPS21-0064 |
| Steven Bergner PPS21-0026 | James Hannah PPS21-0042 | Jeremy Nicholas PPS21-0065 |
| Thomas Bogue PPS21-0027 | Rufus Harmon PPS21-0043 | Michael Noble PPS21-0066 |
| Mathew Bohrer PPS21-0103 | Stephen Heitz PPS21-0044 | Greg Noll PPS21-0067 |
| Arthur Boyer PPS21-0028 | James Hise PPS21-0045 | Robert Peters PPS21-0193 |
| Scott Brady PPS21-0029 | William Hockersmith PPS21-0046 | Carrie Pfeifer PPS21-0068 |
| Donald Branda PPS21-0104 | Mike Johnson PPS21-0047 | Craig Poese PPS21-0069 |
| Jeff Brown PPS21-0030 | Tawanda Johnson PPS21-0048 | Dee Powell PPS21-0070 |
| Randy Burrow PPS21-0107 | Patrick Jones PPS21-0049 | Samantha Powell PPS21-0071 |
| Gary Burt PPS21-0031 | Wendy Hilgenberg PPS21-0050 | William Powell PPS21-0072 |
| Glen Cobb PPS21-0114 | Brent Kirkhart PPS21-0051 | Kim Presler PPS21-0073 |
| Norman Collins PPS21-0115 | Janice Kirkhart PPS21-0052 | Marcus Presler PPS21-0074 |
| Michael Conklin PPS21-0120 | Tyler Kirkhart PPS21-0053 | Mark Rauss PPS21-0075 |
| Lisa Corbett PPS21-0122 | Raymond Land PPS21-0162 | Jason Rodgers PPS21-0076 |
| David Dice PPS21-0032 | Bert Lott PPS21-0054 | Richard Roth PPS21-0077 |
| Maureen Dice PPS21-0033 | Frank Lundien PPS21-0168 | Edna Russell PPS21-0078 |
| Norman Diggs PPS21-0125 | Chad Maier PPS21-0170 | Juan Santos PPS21-0207 |
| Edwina Ditmore PPS21-0126 | Kenneth Marshall PPS21-0171 | Brian Scheer PPS21-0208 |
| William Ferrell PPS21-0034 | Deborah Martin PPS21-0055 | Brenda Schiwitz PPS21-0079 |
| Robert Finley PPS21-0035 | Michael Martin PPS21-0056 | Mark Schneider PPS21-0209 |
| Ramona Foster PPS21-0132 | Timothy McLeary PPS21-0057 | Joe Sherrod PPS21-0212 |
| James Frago PPS21-0036 | Michael Meador PPS21-0058 | Michael Siegel PPS21-0213 |
| John Frago PPS21-0037 | Maria Meier PPS21-0059 | Robert Simpson PPS21-0214 |

| | | |
|---|---|---|
| Laura Skinner PPS21-0080 | Lucas Traugott PPS21-0223 | Conni Wilson PPS21-0089 |
| Thomas Skinner PPS21-0081 | Ryan Weekley PPS21-0084 | Stan Yoder PPS21-0233 |
| Richard Skyles PPS21-0082 | Misty Wege PPS21-0230 | Jacqueline Young PPS21-0090 |
| Anthony Spada PPS21-0083 | Andrew Wheeler PPS21-0085 | Greg Zotta PPS21-0091 |
| John Stotler PPS21-0220 | Pamela Wheetley PPS21-0086 | |
| Randy Stone PPS21-0219 | Andrew Wickliffe PPS21-0087 | |
| Sonja Stone PPS21-0218 | Gregory Willing PPS21-0088 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

**By:**_____

**ORDER**
It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____     _____
                                                                    Judge or Clerk

Respectfully submitted,

**THE LAW OFFICE OF PHILLIP M. MURPHY II**

_____/s/  Phillip M. Murphy II_____
PHILLIP M. MURPHY II                    #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 312-5841
E-mail:  phillip@phillipmurphylaw.com
**ATTORNEY FOR PLAINTIFFS**

Electronically Filed - Jackson - Independence - November 17, 2021 - 09:55 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) | |
| | ) | **Case No.** |
| Plaintiff, | ) | **Division** |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S WEST, INC., | ) | |
| | ) | |
| And | ) | |
| | ) | |
| KEVIN COKELEY, | ) | |
| Defendants. | ) | |

**REQUEST FOR SERVICE**

To:     Clerk of the Court

Please issue an alias summons for Sam's West, Inc., for service on its registered

agent, CT Corporation System, 120 South Central Avenue, St. Louis, Missouri, 63105, via

private process.

Respectfully Submitted,

_____/s/  Phillip M. Murphy II_____

PHILLIP M. MURPHY II          #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:   (913) 312-5841
E-mail: phillip@phillipmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**

1

Electronically Filed - Jackson - Independence - November 17, 2021 - 09:55 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| **MOHAMMAD KHOSHNEVISZADEH,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | **Division** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SAM'S WEST, INC.,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **KEVIN COKELEY,** | ) | |
| **Defendants.** | ) | |

**REQUEST FOR SERVICE**

To:    Clerk of the Court

Please issue an alias summons for Kevin Cokeley, for service in person at 1000

Carondelet, Kansas City, Missouri, via private process.

Respectfully Submitted,

_____/s/  Phillip M. Murphy II_____
PHILLIP M. MURPHY II        #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:   (913) 312-5841
E-mail: phillip@phillipmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**

1

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**MOHAMMAD KHOSHNEVISZADEH,**

|                        |                          |
|------------------------|--------------------------|
| **PLAINTIFF(S),**      | **CASE NO. 2116-CV25207** |
| **VS.**                | **DIVISION 12**          |

**SAM'S WEST, INC.,**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

—————————————————————————————————————————————

   NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **07-MAR-2022** in **DIVISION 12** at **09:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

   A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

   At the Case Management Conference, counsel should be prepared to address at least the following:

   a.  A trial setting;

   b.  Expert Witness Disclosure Cutoff Date;

   c.  A schedule for the orderly preparation of the case for trial;

   d.  Any issues which require input or action by the Court;

   e.  The status of settlement negotiations.

Case 4:22-cv-00012-RK  Document 1-2  Filed 01/10/22  Page 19 of 34

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JENNIFER PHILLIPS
JENNIFER PHILLIPS, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
PHILLIP M. MURPHY, 4717 GRAND AVENUE, SUITE 250, KANSAS CITY, MO 64112

Defendant(s):
 SAM'S WEST, INC.
KEVIN COKELEY

 Dated:  18-NOV-2021                    MARY A. MARQUEZ
                                       Court Administrator

Electronically Filed - Jackson - Independence - November 17, 2021 - 09:55 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) | |
| | ) | **Case No.** |
| Plaintiff, | ) | **Division** |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S WEST, INC., | ) | |
| | ) | |
| And | ) | |
| | ) | |
| KEVIN COKELEY, | ) | |
| Defendants. | ) | |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS21-0022 | David Garza PPS21-0134 | Heather Merfen PPS21-0060 |
| Sallie Bailey PPS21-0023 | Bradley Gordon PPS21-0038 | Thomas Melte PPS21-0061 |
| Brian Bankowski PPS21-0099 | Thomas Gorgen PPS21-0039 | Jill Miller PPS21-0178 |
| Dustin Becraft PPS21-0024 | Mason Gray PPS21-0140 | Michael Miller PPS21-0062 |
| Carrington Bell PPS21-0025 | Charles Gunning PPS21-0040 | Matthew Millhollin PPS21-0063 |
| Miranda Bergner PPS21-0101 | Michael Hancock PPS21-0041 | Jason Moody PPS21-0064 |
| Steven Bergner PPS21-0026 | James Hannah PPS21-0042 | Jeremy Nicholas PPS21-0065 |
| Thomas Bogue PPS21-0027 | Rufus Harmon PPS21-0043 | Michael Noble PPS21-0066 |
| Mathew Bohrer PPS21-0103 | Stephen Heitz PPS21-0044 | Greg Noll PPS21-0067 |
| Arthur Boyer PPS21-0028 | James Hise PPS21-0045 | Robert Peters PPS21-0193 |
| Scott Brady PPS21-0029 | William Hockersmith PPS21-0046 | Carrie Pfeifer PPS21-0068 |
| Donald Branda PPS21-0104 | Mike Johnson PPS21-0047 | Craig Poese PPS21-0069 |
| Jeff Brown PPS21-0030 | Tawanda Johnson PPS21-0048 | Dee Powell PPS21-0070 |
| Randy Burrow PPS21-0107 | Patrick Jones PPS21-0049 | Samantha Powell PPS21-0071 |
| Gary Burt PPS21-0031 | Wendy Hilgenberg PPS21-0050 | William Powell PPS21-0072 |
| Glen Cobb PPS21-0114 | Brent Kirkhart PPS21-0051 | Kim Presler PPS21-0073 |
| Norman Collins PPS21-0115 | Janice Kirkhart PPS21-0052 | Marcus Presler PPS21-0074 |
| Michael Conklin PPS21-0120 | Tyler Kirkhart PPS21-0053 | Mark Rauss PPS21-0075 |
| Lisa Corbett PPS21-0122 | Raymond Land PPS21-0162 | Jason Rodgers PPS21-0076 |
| David Dice PPS21-0032 | Bert Lott PPS21-0054 | Richard Roth PPS21-0077 |
| Maureen Dice PPS21-0033 | Frank Lundien PPS21-0168 | Edna Russell PPS21-0078 |
| Norman Diggs PPS21-0125 | Chad Maier PPS21-0170 | Juan Santos PPS21-0207 |
| Edwina Ditmore PPS21-0126 | Kenneth Marshall PPS21-0171 | Brian Scheer PPS21-0208 |
| William Ferrell PPS21-0034 | Deborah Martin PPS21-0055 | Brenda Schiwitz PPS21-0079 |
| Robert Finley PPS21-0035 | Michael Martin PPS21-0056 | Mark Schneider PPS21-0209 |
| Ramona Foster PPS21-0132 | Timothy McLleary PPS21-0057 | Joe Sherrod PPS21-0212 |
| James Frago PPS21-0036 | Michael Meador PPS21-0058 | Michael Siegel PPS21-0213 |
| John Frago PPS21-0037 | Maria Meier PPS21-0059 | Robert Simpson PPS21-0214 |

| | | |
|---|---|---|
| Laura Skinner PPS21-0080 | Lucas Traugott PPS21-0223 | Conni Wilson PPS21-0089 |
| Thomas Skinner PPS21-0081 | Ryan Weekley PPS21-0084 | Stan Yoder PPS21-0233 |
| Richard Skyles PPS21-0082 | Misty Wege PPS21-0230 | Jacqueline Young PPS21-0090 |
| Anthony Spada PPS21-0083 | Andrew Wheeler PPS21-0085 | Greg Zotta PPS21-0091 |
| John Stotler PPS21-0220 | Pamela Wheetley PPS21-0086 | |
| Randy Stone PPS21-0219 | Andrew Wickliffe PPS21-0087 | |
| Sonja Stone PPS21-0218 | Gregory Willing PPS21-0088 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

**By:**_____

**ORDER**
It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____18-Nov-2021_____     _____

DEPUTY COURT ADMINISTRATOR

Respectfully submitted,

**THE LAW OFFICE OF PHILLIP M. MURPHY II**


_____/s/ Phillip M. Murphy II_____
PHILLIP M. MURPHY II          #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 312-5841
E-mail: phillip@phillipmurphylaw.com
**ATTORNEY FOR PLAINTIFFS**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV25207 |
| Plaintiff/Petitioner:<br>MOHAMMAD KHOSHNEVISZADEH<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP M. MURPHY II<br>4717 GRAND AVENUE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>SAM'S WEST, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** SAM'S WEST, INC.<br>**Alias:**<br><br>**4100 SOUTH BOLGER ROAD**<br>**INDEPENDENCE, MO 64055** | **PRIVATE PROCESS SERVER** |

*COURT SEAL OF*

*JACKSON COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-NOV-2021
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____                    _____
                                              Date                                                            Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-10952 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00012-RK   Document 1-2   Filed 01/10/22   Page 23 of 34

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: **2116-CV25207** |
| Plaintiff/Petitioner:<br>MOHAMMAD KHOSHNEVISZADEH | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP M. MURPHY II<br>4717 GRAND AVENUE<br>SUITE 250 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>SAM'S WEST, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** KEVIN COKELEY
**Alias:**

1000 CARONDELET
KANSAS CITY, MO 64114

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-NOV-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-10953 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00012-RK Document 1-2 Filed 01/10/22 Page 25 of 34

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Independence - December 15, 2021 - 02:28 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                  **County of INDEPENDENCE**                              **Circuit Court**

Case Number: 2116-CV25207

Plaintiff:
**MOHAMMAD KHOSHNEVISZADEH**

vs.

Defendant:
**SAM'S WEST INC AND KEVIN COKELY**


POW2021011245

For:
PHILLIP M MURPHY II
4717 GRAND AVENUE
SUITE 250
KANSAS CITY, MO 64112

Received by D & B Legal Services, Inc. on the 19th day of November, 2021 at 10:27 am to be served on **KEVIN COKELEY, ST JOSEPH MEDICAL CENTER, 1000 CARONDELET, KANSAS CITY, MO 64114**.

I, Alisha Allen PPS21-0094, being duly sworn, depose and say that on the **9th day of December, 2021** at **11:56 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons in Civil Case, Petition For Damages and Motion for Approval and Appointment of Private Process Server** with the date and hour of service endorsed thereon by me, to: **KEVIN COKELEY** at the alternate address of: **826 S MAIN ST, LIBERTY, MO 64068**.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 13th day of
December, 2021

_____

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires

**Alisha Allen PPS21-0094**
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: POW-2021011245

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:**<br>JENNIFER PHILLIPS | **Case Number:** 2116-CV25207 |
| **Plaintiff/Petitioner:**<br>MOHAMMAD KHOSHNEVISZADEH<br><br>vs. | **Plaintiff's/Petitioner's Attorney/Address**<br>PHILLIP M. MURPHY II<br>4717 GRAND AVENUE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| **Defendant/Respondent:**<br>SAM'S WEST, INC. | **Court Address:**<br>308 W Kansas |
| **Nature of Suit:**<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050<br><br>(Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** KEVIN COKELEY<br>Alias:<br><br>**1000 CARONDELET**<br>**KANSAS CITY, MO 64114** | **PRIVATE PROCESS SERVER** |

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-NOV-2021
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-10953** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - December 15, 2021 - 02:28 PM

## **AFFIDAVIT OF SERVICE**

**State of Missouri**                    **County of INDEPENDENCE**                    **Circuit Court**

Case Number: 2116-CV25207

Plaintiff:
**MOHAMMAD KHOSHNEVISZADEH**


POW2021011245

vs.

Defendant:
**SAM'S WEST INC AND KEVIN COKELY**

For:
PHILLIP M MURPHY II
4717 GRAND AVENUE
SUITE 250
KANSAS CITY, MO 64112

Received by D & B Legal Services, Inc. on the 19th day of November, 2021 at 10:27 am to be served on **KEVIN COKELEY, ST JOSEPH MEDICAL CENTER, 1000 CARONDELET, KANSAS CITY, MO 64114**.

I, Alisha Allen PPS21-0094, being duly sworn, depose and say that on the **9th day of December, 2021** at **11:56 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons in Civil Case, Petition For Damages and Motion for Approval and Appointment of Private Process Server** with the date and hour of service endorsed thereon by me, to: **KEVIN COKELEY** at the alternate address of: **826 S MAIN ST, LIBERTY, MO 64068**.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 13th day of
December, 2021

**Alisha Allen PPS21-0094**
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires

Our Job Serial Number: POW-2021011245

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:**<br>JENNIFER PHILLIPS | **Case Number:** 2116-CV25207 |
| **Plaintiff/Petitioner:**<br>MOHAMMAD KHOSHNEVISZADEH<br><br>vs. | **Plaintiff's/Petitioner's Attorney/Address**<br>PHILLIP M. MURPHY II<br>4717 GRAND AVENUE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| **Defendant/Respondent:**<br>SAM'S WEST, INC.<br>**Nature of Suit:**<br>CC Employmnt Discrmntn 213.111 | **Court Address:**<br>308 W Kansas<br>INDEPENDENCE, MO 64050<br><br>(Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** KEVIN COKELEY<br>Alias:<br><br>**1000 CARONDELET**<br>**KANSAS CITY, MO 64114** | **PRIVATE PROCESS SERVER** |

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-NOV-2021
Date                                             Clerk

**JACKSON COUNTY**          Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who

_____ permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-10953** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00012-RK   Document 1-2   Filed 01/10/22   Page 30 of 34

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of INDEPENDENCE**                    **Circuit Court**

Case Number: 2116-CV25207

Plaintiff:
**MOHAMMAD KHOSHNEVISZADEH**

vs.

Defendant:
**SAM'S WEST INC AND KEVIN COKELY**

For:
PHILLIP M MURPHY II
4717 GRAND AVENUE
SUITE 250
KANSAS CITY, MO 64112

POW2021011246

Received by D & B Legal Services, Inc. on the 19th day of November, 2021 at 10:27 am to be served on **SAM'S WEST INC, 4100 SOUTH BOLGER ROAD, INDEPENDENCE, MO 64055**.

I, Andrew Wickliffe PPS21-0087, being duly sworn, depose and say that on the **14th day of December, 2021** at **1:44 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in Civil Case, Petition For Damages and Motion for Approval and Appointment of Private Process Server** with the date and hour of service endorsed thereon by me, to: **ZAC LINGENFELTER** as **AUTHORIZED AGENT** for **SAM'S WEST INC**, at the address of: **4100 SOUTH BOLGER ROAD, INDEPENDENCE, MO 64055**.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 15th day of
December, 2021

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires

**Andrew Wickliffe PPS21-0087**
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: POW-2021011246

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

Electronically Filed - Jackson - Independence - December 17, 2021 - 01:51 PM

 IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV25207 |
|---|---|
| Plaintiff/Petitioner:<br>MOHAMMAD KHOSHNEVISZADEH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP M. MURPHY II<br>4717 GRAND AVENUE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>SAM'S WEST, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050<br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: SAM'S WEST, INC.
Alias:

**4100 SOUTH BOLGER ROAD**
**INDEPENDENCE, MO 64055**

## PRIVATE PROCESS SERVER


**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-NOV-2021
Date

Clerk

Further Information:

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis, MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-10952** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## AFFIDAVIT OF SERVICE

**State of Missouri**  **County of INDEPENDENCE**  **Circuit Court**

Case Number: 2116-CV25207

Plaintiff:
**MOHAMMAD KHOSHNEVISZADEH**

vs.

Defendant:
**SAM'S WEST INC AND KEVIN COKELY**

POW2021011246

For:
PHILLIP M MURPHY II
4717 GRAND AVENUE
SUITE 250
KANSAS CITY, MO 64112

Received by D & B Legal Services, Inc. on the 19th day of November, 2021 at 10:27 am to be served on **SAM'S WEST INC, 4100 SOUTH BOLGER ROAD, INDEPENDENCE, MO 64055**.

I, Andrew Wickliffe PPS21-0087, being duly sworn, depose and say that on the **14th day of December, 2021** at **1:44 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in Civil Case, Petition For Damages and Motion for Approval and Appointment of Private Process Server** with the date and hour of service endorsed thereon by me, to: **ZAC LINGENFELTER** as AUTHORIZED AGENT for **SAM'S WEST INC**, at the address of: **4100 SOUTH BOLGER ROAD, INDEPENDENCE, MO 64055**.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 15th day of December, 2021

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires

**Andrew Wickliffe PPS21-0087**
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: POW-2021011246

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV25207 |
|---|---|
| Plaintiff/Petitioner:<br>MOHAMMAD KHOSHNEVISZADEH | Plaintiff's/Petitioner's Attorney/Address<br>PHILLIP M. MURPHY II<br>4717 GRAND AVENUE<br>SUITE 250 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>SAM'S WEST, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: SAM'S WEST, INC.
Alias:

4100 SOUTH BOLGER ROAD
INDEPENDENCE, MO 64055

**PRIVATE PROCESS SERVER**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

18-NOV-2021
Date

Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis, MO, on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date                                    Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-10952** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00012-RK   Document 1-2   Filed 01/10/22   Page 34 of 34