IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

| MOHAMMAD KHOSHNEVISZADEH, | ) | |
|---|---|---|
| | ) | Case No. 4:22-cv-12-RK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S WEST, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff Mohammad Khoshneviszadeh, by and through the undersigned counsel, and for his causes of action against Defendants Sam's West, Inc., (hereinafter, "Sam's", or "Defendant") and Kevin Cokeley, states, alleges and avers as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is, and at all times pertinent was, a resident of Missouri.

2. Defendant Sam's West, Inc., is an Arkansas corporation doing business at 3500 NE Ralph Powell Road, in Lee's Summit.

3. Defendant may be served through its registered agent, CT Corporation System, 120 South Central Avenue, St. Louis, Missouri, 63105.

4. Defendant Cokeley is and at all times pertinent hereto was, a Missouri resident.

5. Plaintiff started working for WalMart and Sam's Club, in Feb., 2000. He was employed as a pharmacist.

6. Starting in 2006, he moved exclusively to Sam's Club.

7. Plaintiff worked there until his termination in September, 2020.

8. In this time Plaintiff was never disciplined by the company.

9. Plaintiff seldom, if ever had any customer or co-worker complaints.

10. Though Plaintiff worked all over western Missouri and eastern Kansas, he reported to the pharmacy at the Sam's Club at 4100 South Bolger Road, in Independence, Jackson County, Missouri.

11. Plaintiff's regional manager made the decision to fire him. His name is Tim Keehn.

12. Keehn is notorious for yelling at and belittling the staff, including pharmacists.

13. While employed, Plaintiff was earning $78.00 per hour. In many years, he earned in excess of $180,000.00.

14. On or about August 14, 2020, Plaintiff became aware that his wife had tested Covid positive. Plaintiff immediately contacted the pharmacy managers and the store manager, and closed the pharmacy, and left work. Plaintiff obtained a Covid test, and tested negative. Plaintiff had no symptoms, and was placed back on the schedule five days after notifying his employer about the exposure.

15. Upon returning to Sam's Club, Plaintiff began undergoing daily temperature tests and screenings. He also checked his temperature throughout the day, every day. Plaintiff had been told that he could use the application provided to the employees to do this, and he always used the screening entrance when going to work.

16. Plaintiff attempted to use the pharmacy application, but it was not working. He tried several times, and was told that multiple people were having issues with it.

2

Case 4:22-cv-00012-RK   Document 12   Filed 02/09/22   Page 2 of 13

17. Later that night, Plaintiff learned that he did have a temperature. He advised his employer of this condition. He further advised them that it would be imprudent to return to work until his symptoms subsided, and until he had a subsequent test.

18. Shortly thereafter, one of Plaintiff's co-workers– co-Defendant Cokeley– reported Plaintiff to the Board of Pharmacy.

19. Subsequently, Plaintiff was terminated, on September 6, despite doing everything that he was asked to do.

20. Plaintiff's condition affected major life activities when he was ill. Further, he was perceived to have had Covid, and perceived to have had a condition which affected major life activities. His wife's Covid also affected her major life activities, and further people perceived her to have had her major life activities impaired while she was sick.

21. Plaintiff was terminated because of perceived disability, and further being associated with someone– his wife– who is perceived to have a disability.

22. In addition, Plaintiff is over the age of 40, has brown skin, and is of Middle Eastern descent. He was born in Iran and considers himself Persian.

23. Plaintiff believes he was terminated bases of race and my age. Further, he also believes his race and national origin played a role in his termination, as Keehn is white.

24. After Plaintiff's termination, the Board of Pharmacy determined that he did nothing wrong.

25. This action has continued, and the acts described herein are interrelated, as Sam's made false reports to the Board of pharmacy and continued to disparage him after firing him.

3

26. The discrimination of which Plaintiff complains was not a series of discrete acts, but rather a continuing series of interrelated acts.

27. Shortly after the termination, on or about March 1, 2021, Plaintiff submitted to his employer a service letter, pursuant to Chapter 290.

28. Sam's has never responded.

29. Defendant Sam's, at all times relevant hereto, is and has been an "employer" within the meaning of the Missouri Human Rights Act.

30. The Court, being a court of competent jurisdiction, has original subject matter jurisdiction over all of the Plaintiff's claims.

31. Further, in so far as Defendant Sam's, at all times pertinent hereto, conducted and continues to conduct business in Jackson County, Missouri; the Plaintiff was employed by the Defendant Sam's at its Jackson County, Missouri, location; and the unlawful practices and all other transactions alleged herein were committed in Jackson County, Missouri, venue is proper in Jackson County.

32. After being terminated, Plaintiff filed a timely charge of discrimination, with the Missouri Commission on Human Rights (hereinafter, "MCHR") and the Equal Opportunity Employment Commission (hereinafter, "EEOC"), asserting discrimination based on age, disability, race, color, and national origin. The charge numbers are E-03/21-52799 and 28E-2021-00430C. The allegations contained in the charge are incorporated, by reference, as if more fully set forth herein.

33. On September 16, 2021, the MCHR issued a notice of Right to Sue on Plaintiff's Missouri state claims.

34. This action is timely commenced, as it has been filed within 90 days of the

issuance of the afore-mentioned Notice of Right to Sue. Thus, the Plaintiff has duly met all administrative requirements.

35. The actions of Defendant Sam's and its agents and employees were willful and malicious, the result of evil motive, or in reckless indifference to the Plaintiff's rights. Thus, Plaintiff is entitled to punitive damages, as determined by a jury.

36. Defendant Sam's's actions described herein violated the Missouri Human Rights Act.

37. Sam's is an "employer" within the meaning of the Missouri Human Rights Act.

38. Plaintiff is an employee within the meaning of the Missouri Human Rights Act.

## COUNT I. AGE DISCRIMINATION IN VIOLATION OF THEMISSOURI HUMAN RIGHTS ACT (DEFENDANT SAM'S)

39. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

40. At all times relevant to this matter, Plaintiff was over 40 years of age.

41. Plaintiff, while employed by the Sam's, was the subject of adverse action and discrimination by Sam's, on the basis of age, on a continuous basis, from August, 2021, until his termination.

42. The Sam's acts of discrimination include, but are not limited to, one or more of the following:

   a. Making inappropriate comments to the Plaintiff, relating to his age.

   b. Harassing Plaintiff because of his age.

c. Reprimanding the Plaintiff, but not reprimanding other similarly situated employees, because of the Plaintiff's age.

d. Terminating the Plaintiff, because of his age.

43. As a direct and proximate cause of the actions and conduct set forth herein, because of her age, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

44. Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count I of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT II. RACE AND COLOR DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT (DEFENDANT SAM'S)

45. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

46. Plaintiff has brown skin and is of Middle Eastern descent.

47. Plaintiff, while employed by the Defendant Sam's, was the subject of adverse action and discrimination by Defendant Sam's, on the basis of race/color, on a continuous basis, from August, 2021, until his termination.

48. The Defendant Sam's acts of discrimination include, but are not limited to, one or more of the following:

    a. Making inappropriate comments to the Plaintiff, relating to race/color, that were not made to a similarly situated white employee.

    b. Placing the Plaintiff in a position where performing his job would be more difficult, and placing him in such a position because of race color.

    c. Reprimanding the Plaintiff, because of race/color, but not reprimanding other similarly situated white employees.

    d. Terminating the Plaintiff, because of race and color, but not terminating similarly situated white employees.

49. As a direct and proximate cause of the actions and conduct set forth herein, because of his race and color, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

50. Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count II of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

# COUNT III. DISABILITY DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT (DEFENDANT SAM'S)

51. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

52. Plaintiff and his wife were disabled, while afflicted with Covid.

53. Plaintiff and his wife were perceived to have been disabled, and while she was sick Plaintiff's wife was disabled.

54. Plaintiff, while employed by the Defendant Sam's, was the subject of adverse action and discrimination by Defendant Sam's on the basis of perceived disability, as well as having a disabled relative, on a continuous basis, from August, 2021, until his termination.

55. The Defendant Sam's acts of discrimination include, but are not limited to, one or more of the following:

   a. Making inappropriate comments to the Plaintiff, relating to disability, that would not have otherwise been made.

   b. Placing the Plaintiff in a position where performing his job would be more difficult, because of disability.

   c. Reprimanding the Plaintiff, because of disability.

   d. Terminating the Plaintiff, because of disability.

56. As a direct and proximate cause of the actions and conduct set forth herein, because of disability, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

57. Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

## COUNT IV. NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT (DEFENDANT SAM'S)

58. Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

59. Plaintiff has brown skin and is of Middle Eastern descent. He was born in Iran.

60. Plaintiff, while employed by the Defendant Sam's, was the subject of adverse action and discrimination by Defendant Sam's, on the basis of national origin, on a continuous basis, from August, 2021, until his termination.

61. The Defendant Sam's acts of discrimination include, but are not limited to, one or more of the following:

   a. Making inappropriate comments to the Plaintiff, relating to national origin, that were not made to a similarly situated white employee.

   b. Placing the Plaintiff in a position where performing his job would be more difficult, and placing him in such a position because of national origin.

9

      c. Reprimanding the Plaintiff, because of national origin, but not reprimanding other similarly situated white employees.

      d. Terminating the Plaintiff, because of national origin, but not terminating similarly situated white employees.

62. As a direct and proximate cause of the actions and conduct set forth herein, because of his national origin, Plaintiff is now suffering and will continue to suffer damages, including lost wages and benefits, emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life.

63. Plaintiff's damages exceed $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count IV of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to: an award of back pay, including lost fringe benefits, bonuses, and cost of living increases; an award of front pay; for any other compensatory damages; for pre-judgment interest; for punitive damages, attorneys' fees, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

**COUNT V. VIOLATION OF MISSOURI SERVICE LETTER LAW (DEFENDANT SAM'S)**

64. Plaintiff incorporates each and every preceding paragraph of this Petition as if more fully set forth herein.

65. Plaintiff properly requested a letter of dismissal or "service letter", from Defendant Sam's, pursuant to RSMo. 290.140.

66. Defendant Sam's is an employer covered within 290.140.

67. Plaintiff is an employee entitled to request a service letter, pursuant to RSMo. 290.140, in that he was employed for at least 90 days prior to his discharge.

68. Defendant Sam's failed to issue a proper and compliant service letter, in that it did not send a service letter at all.

69. Defendant Sam's has acted in reckless disregard of Plaintiff's rights and/or with evil motive, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Sam's on Count V of his Petition, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including punitive damages.

## COUNT VI. SLANDER AND DEFAMATION (DEFENDANT COKELEY)

70. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

71. In complaining to the Board of Pharmacy, Defendant Cokeley, with reckless disregard for the truth, published false and incorrect statements about Plaintiff to others, including to Defendant Sam's and the Board of Pharmacy.

72. These statements were made outside the scope of his employment with Defendant Sam's, and not a part of his job duties. Specifically, Cokeley stated that Plaintiff failed to, among other things, properly abide by the screening process.

73. Cokeley knew or with reasonable care could have discovered these statements to be false or materially misleading.

74. The statements were defamatory and affected and damaged Plaintiff's reputation in business and his integrity, and also had the stigma of falsely accusing him of a professional violation.

11

Case 4:22-cv-00012-RK   Document 12   Filed 02/09/22   Page 11 of 13

75. The statements were published with the requisite degree of fault, which is negligence, as Plaintiff is a private figure.

76. The statements resulted in actual damage to Plaintiff, including termination, a delay or denial of his unemployment benefits, and further, limited his opportunities to obtain employment following his termination.

77. Defendant Cokeley acted with reckless disregard of Plaintiff's rights and/or evil motive, justifying an award of punitive damages.

78. Cokeley performed these actions outside and beyond the scope of his employment with Sam's.

79. As a direct and proximate result of Cokeley's actions Plaintiff has sustained and continues to sustain damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Cokeley, on Count VI of his Petition, for damages incurred, as determined by a jury; for punitive damages, and all other damages, expenses, and costs incurred, and for other relief as the Court deems proper and just.

**COUNT VII.     TORTIOUS INTERFERENCE (DEFENDANT COKELEY)**

80. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

81. Plaintiff and Defendant Sam's entered into a contract for services in which he would work for Sam's, in return for money.

82. Defendant Cokeley had reason to know that Plaintiff was employed by Sam's.

83. Defendant Cokeley, by making improper accusations to the Board of Pharmacy, caused a breach in the contractual relationship between Plaintiff and Sam's.

12

84. There was no cause or justification for the conduct of Defendant Cokeley.

85. As a result of the tortious interference of Defendant Cokeley, Plaintiff suffered, and will continue to suffer damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment against Defendants Cokeley on Count VII of the Petition, in excess of $25,000.00, for his past and future lost income and revenue, for costs, and for such other and further relief as the Court may deem just and equitable.

<u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**THE LAW OFFICE OF PHILLIP M. MURPHY II**

\_\_\_\_/s/ Phillip M. Murphy II_____
PHILLIP M. MURPHY II    #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
(p)   913-661-2900    (f)   913-312-5841
E-mail: phillip@phillipmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**