IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00012-RK |
| | ) |
| SAMS WEST, INC., KEVIN COKELEY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action was originally filed in state court and was removed to this Court by Defendants Sam's West, Inc., and Kevin Cokeley on January 10, 2022. (Doc. 1.) Now before the Court is Plaintiff's motion to remand. (Doc. 13.) The motion is fully briefed. (Docs. 14, 24.)[1] After careful consideration and for the reasons below, the motion to remand (Doc. 13) is **GRANTED**.

### I. Background

Plaintiff initially filed this action pro se[2] in Missouri state court asserting various claims of discrimination and violation of Missouri's service letter law against his former employer, Defendant Sam's West, Inc., and claims of defamation and tortious interference with contract against Defendant Kevin Cokeley, Plaintiff's former co-employee. (*See generally* Doc. 1-2.)[3]

---

[1] Plaintiff did not file a reply in support of his motion to remand and the time for doing so has passed.

[2] Plaintiff is now represented by counsel.

[3] Plaintiff filed an amended complaint in this action on February 9, 2022, after it had been removed to this Court. (Doc. 12.) For purposes of the instant motion to remand, however, the Court considers the operative complaint at the time of removal – Plaintiff's initial pro se petition filed in state court. *See Bohnenkamp v. Hog Slat, Inc.*, __ F. Supp. 3d __, 2021 WL 2941988, at *6 (N.D. Iowa July 13, 2021) (noting while the Eighth Circuit has not squarely addressed this issue, "[t]he vast majority of district courts in this circuit . . . have held that the fraudulent joinder analysis should be based on whichever pleading was in effect at the time of removal, even if the complaint was subsequently amended") (collecting cases); *Tasic v. Wells Fargo Bank, N.A.*, No. 4:13CV00840 AGF, 2013 WL 3157791, at *3 (E.D. Mo. June 20, 2013); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (recognizing, for purposes of subject matter jurisdiction based on diversity of citizenship, "diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed") (collecting cases) (citation and quotation marks omitted); *Rick v. Hedrick*, 167 F. Supp. 491, 492 (W.D. Mo. 1958) (remanding case after individual defendant died subsequent to removal because the defendant was a party at the time of removal and thus "his presence destroyed diversity of citizenship"); *but see Legacy Bldg. Grp., LLC v. Liberty Mut. Fire Ins. Co.*, No. 4:21-cv-266-MTS, 2021 WL 4819570, at *2 (E.D. Mo. Oct. 15, 2021).

Plaintiff was employed by Defendant Sam's Club West, Inc., as a pharmacist from February 2000 until September 2020. (*Id.* at ¶¶ 5-7.)

On August 14, 2020, Plaintiff became aware his wife had tested positive for COVID-19. (*Id.* at ¶ 14.) Plaintiff contacted his managers, closed the pharmacy and left work. (*Id.*) After testing negative for COVID-19, Plaintiff was placed back on the work schedule five days after having notified his employer about the COVID exposure. (*Id.*) When he returned to work, Plaintiff underwent daily temperature tests and screenings, checking his temperature every day throughout the day. (*Id.* at ¶ 15.) Plaintiff was told to use a pharmacy application to do so and always used the "screening entrance" when going into work. (*Id.*) Plaintiff tried to use the pharmacy application, but it was not working. (*Id.* at ¶ 16.) Later that night, Plaintiff learned he did have a temperature and informed his employer, who advised Plaintiff he should not return to work until his symptoms receded and he had been subsequently tested for COVID. (*Id.* at ¶ 17.)

Despite having had no discipline and few complaints by either customers or co-workers, Plaintiff was terminated on September 6, 2020, Defendant Cokeley, a co-employee, falsely reported to the Board of Pharmacy "among other things" that Plaintiff had failed to properly abide by Defendant Sam's West's screening process during the COVID-19 pandemic. (*Id.* at ¶¶ 8-9, 18-19, 68.) Plaintiff alleges Defendant Cokeley's statements to the Board of Pharmacy "were made outside the scope of his employment with Defendant Sam's, and [were] not a part of his job duties." (*Id.* at ¶ 68; *see id.* at ¶ 74 ("Cokeley performed these actions outside and beyond the scope of his employment with Sam's.").) After he had been terminated, the Pharmacy Board determined Plaintiff had done nothing wrong. (*Id.* at ¶ 24.)

Plaintiff subsequently filed charges of discrimination with the Missouri Commission on Human Rights and the Equal Opportunity Commission asserting claims of age, race and color, national origin, and disability discrimination. (*Id.* at ¶ 32.) Plaintiff alleges in his petition the EEOC issued a notice of right to sue letter "[o]n September 16, 2021." (*Id.* at ¶ 33.)

Plaintiff alleges Defendant Sam's West discriminated against him based on "inappropriate comments to the Plaintiff," harassment, reprimanding Plaintiff but not certain other similarly situated employees, placing Plaintiff in a position where performing his job was more difficult, or terminating Plaintiff because of his age, race and color, national origin, or disability. (*Id.* at 6-11.) Additionally, Plaintiff asserts a claim that Defendant Sam's West violated Missouri's service letter law, § 290.140, RSMo, when it failed to issue a proper service letter as requested. (*Id.* at 11-12.)

Finally, Plaintiff asserts a claim of defamation and tortious interference with contract against Defendant Kevin Cokeley based on the statements he made to the Board of Pharmacy. (*Id.* at 12-14.)

In their notice of removal, Defendants assert this Court has subject matter jurisdiction under 28 U.S.C. § 1332, notwithstanding Defendant Cokeley's Missouri citizenship because the fraudulent joinder doctrine applies to Plaintiff's tort claims against Defendant Cokeley.[4] Defendants argue Plaintiff's defamation and tortious interference claims against Defendant Cokeley are barred by the Missouri Human Rights Act's ("MHRA") exclusive-remedy provision and are therefore barred as a matter of law.

## II. Legal Standard

Defendants, who collectively invoke this Court's jurisdiction,[5] bear the burden of proving that all prerequisites to jurisdiction are satisfied. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Prempro*, 591 F.3d at 620 (citation omitted). Fraudulent joinder – the filing of a

---

[4] In addition, the notice of removal asserted federal question jurisdiction under 28 U.S.C. § 1331 since Plaintiff's petition alleges only he has received a right to sue letter from the EEOC rather than the Missouri Human Rights Commission. (Doc. 1 at 2-3.) In his motion to remand, Plaintiff contends the reference in the petition to the EEOC's right to sue letter was in error since the Missouri Human Rights Commission's right to sue was issued on September 16, 2020 (*see* Doc. 14-1) and the EEOC's right to sue letter (attached to Defendants' notice of removal as Doc. 1-3) was issued on September 29, 2021. (Doc. 14 at 10.) Defendants do not continue to argue in opposing Plaintiff's motion to remand that this Court has federal question jurisdiction. Under these circumstances and because it is ultimately the Defendants' burden as the removing party to establish federal subject matter jurisdiction, *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), the Court does not consider federal question jurisdiction further.

[5] In his motion to remand, Plaintiff suggests removal was also improper because "there is nothing in the removal notice showing that all defendants have consented to the removal" as required under 28 U.S.C. § 1446. This argument is without merit for the sole reason that the notice of removal was signed by counsel representing both defendants. *See Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) ("We also emphasize that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct."). Plaintiff presents no legal authority or argument, and the Court is aware of none, that this is not sufficient to satisfy § 1446(b)'s requirement that all defendants who have been properly joined and served must consent to the removal of the action.

"frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal" – acts as an exception to the complete diversity rule. *Id.* Stated differently, "a plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson*, 634 F.3d at 976 (citation omitted).

Whether a non-diverse party has been fraudulently joined such that the federal court may nonetheless obtain subject matter jurisdiction depends on "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (citation and quotation marks omitted). The Eighth Circuit has explained that the "reasonableness of the basis underlying the state claim" is critical to this inquiry. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). In *Filla*, the Eighth Circuit explained the critical difference between circumstances in which courts should find a non-diverse defendant was fraudulently joined and those in which they should not: "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent" but "if there is a 'colorable' cause of action – that is, if the state law might impose liability on the resident defendant under the facts alleged [or, in other words, if there exists a reasonable basis in fact and law supporting the claim] – then there is no fraudulent joinder." *Id.* (citations and footnote omitted); *see also Hayes v. Rad Transport, Inc.*, No. 10-0787-CV-W-ODS, 2010 WL 3807052, at *2 (W.D. Mo. Sept. 23, 2010) (noting, "[t]he Court's task is to determine whether the claim clearly lacks any basis – that is, if it is barred as a matter of law or if it is based on facts that clearly provide no basis for liability").

"By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, [courts] require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980. In the fraudulent-joinder analysis, the Court does not focus on the artfulness of the plaintiff's pleadings. *Id.* at 980 (citation omitted). That is because the reasonable basis standard articulated in *Filla* is distinct from and less demanding than the Rule 12(b)(6) plausibility standard. *Id.*; *see also Hayes*, 2010 WL 3807052 at *2 ("Where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'") (quoting *Filla*, 336 F.3d at 810). Any doubts about the propriety

of removal or federal jurisdiction must be resolved in favor of remand. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

### III. Discussion

Defendants argue this Court has subject matter jurisdiction notwithstanding Defendant Cokeley's non-diverse citizenship under the fraudulent joinder exception to the complete diversity requirement to establish jurisdiction under § 1332. Defendants assert Plaintiff's tort claims for defamation[6] and tortious interference with a contract against Defendant Cokeley are not colorable because they are expressly barred by the MHRA since these claims "arise from [Plaintiff's] employment [with Defendant Sam's West]." (Doc. 24 at 2.)

The MHRA makes it unlawful for employers to discriminate on the basis of an employee's race, color, national origin, age, or disability. § 213.070.1(3); *see* Mo. Rev. Stat. § 213.055.1(1) (setting forth particular "unlawful employment practice[s]"). In addition, § 213.070.2 states: "This chapter . . . shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Thus, as the parties appear to agree, the critical inquiry here is whether Plaintiff's tort claims against Defendant Cokeley, a non-diverse co-employee, "aris[e] out of an employment relationship."

Generally, federal courts that have considered the MHRA's exclusive-remedy provision in this context consider (1) whether the tort claim "arise[s] from the same factual allegations underlying Plaintiff's MHRA claims," *Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 1558117, at *2 (W.D. Mo. Apr. 1, 2020) (citation omitted); and (2) whether the complaint or petition establishes that the alleged tortious conduct occurred outside the scope of an employment relationship. *Compare Van Alst v. Mo. CVS Pharmacy, LLC*, No. 4:20-cv-00155-NKL, 2020 WL 2319882 (W.D. Mo. May 11, 2020) (relying in part on plaintiff plausibly pleading the alleged tortious acts by co-employee occurred outside the scope of the co-employee's employment to find the plaintiff asserted a colorable claim against the non-diverse co-employee, requiring remand) *with Johnson v. Midwest Div.-RHB, LLC*, No. 4:20-CV-00728-BCW, 2021 WL 5541783 (W.D. Mo. Jan. 11, 2021) (distinguishing *Van Alst* since plaintiff pleaded co-employee's

---

[6] In the petition filed before the state court, Plaintiff asserts a claim against Defendant Cokeley for "slander and defamation." (Doc. 1-1 at 12.) As Missouri courts have recognized, "[m]odern law combines libel and slander as the generic tort of defamation." *Boyd v. Schwan's Sales Enters., Inc.*, 23 S.W.3d 261, 264 n.3 (Mo. Ct. App. 2000) (citation omitted). Thus, the Court refers to this tort claim as a claim for defamation.

5

alleged tortious acts occurred within the scope and course of her employment with the defendant-employer, such that plaintiff's tort claim against the non-diverse co-employee was barred by the MHRA's exclusive-remedy provision, denying plaintiff's motion to remand).

For example, in *Huskey v. PetSmart, Inc.*, No. 18-00813-CV-W-NKL, 2019 WL 122873 (W.D. Mo. Jan. 7, 2019), in addition to MHRA claims brought against her employer, the plaintiff asserted a tort claim against a non-diverse co-employee for civil conspiracy to violate her rights under the MHRA. There, the district court found the civil conspiracy claim necessarily "ar[ose] from an 'employment relationship'" such that the MHRA's exclusivity provision applied to the claim since the civil conspiracy claim "concerns what the statute defines as 'unlawful employment practice[s].'" *Id.* at *2-3.[7]

Here, Defendants argue Plaintiff's tort claims for defamation and tortious interference with contract against Defendant Cokeley arise from the same facts supporting Plaintiff's claims under the MHRA against Defendant Sam's West. (Doc. 24 at 4.) The Court disagrees. It appears Defendants primarily argue Plaintiff's tort claims fall under the MHRA's exclusive-remedy provision since the alleged tortious acts by Defendant Cokeley, a co-employee, occurred during and within the context of Plaintiff's employment with Defendant Sam's West. That the torts asserted against Defendant Cokeley concern alleged acts that occurred in the context of the workplace, however, does not automatically mean the claims "arise from an employment relationship." *See also Van Alst*, 2020 WL 2319882, at *2 (finding issue of fact as to whether plaintiff's claim arose from employment relationship to require remand even where the alleged tortious acts occurred in the workplace). Plaintiff's claims against Defendant Cokeley arise from Cokeley's (allegedly false) statements made to the Board of Pharmacy that Plaintiff failed to abide by their employer's health screening process – statements Plaintiff specifically pleads were made outside the scope and course of his employment with Defendant Sam's West.

To be sure, Plaintiff's petition does not plead *why* he was terminated (other than he believes he was terminated because of characteristics such as his age, race and color, national origin, or

---

[7] Additionally, in *Hoaglin v. Hyvee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 1928536 (W.D. Mo. April 30, 2019) and *Reese v. Tyson Foods, Inc.*, No. 3:21-05087-CV-RK, 2021 WL 5625411 (W.D. Mo. Nov. 30, 2021), both cited by Defendants, the court found plaintiff's tort claims would be without merit since the claims were based "on the same facts as those that form the basis of her claims [under the MHRA]," *Hoaglin*, 2019 WL 1928536, at *1, and "ar[o]se from the same factual allegations underlying Plaintiff's MHRA claim." *Reese*, 2021 WL 5625411, at *6 (cleaned up).

6

Case 4:22-cv-00012-RK   Document 34   Filed 04/19/22   Page 6 of 8

disability). Even if he were terminated in relation to Defendant Cokeley's complaint to the Pharmacy Board, however, such claim would not appear to arise from an employment relationship in a manner giving rise to MHRA exclusivity, however. *Cf. Husky*, 2019 WL 122873, at *2-3 (finding plaintiff's civil conspiracy claim against co-employee arose from an employment relationship since it was based on acts otherwise prohibited under the MHRA). Nonetheless, Plaintiff's allegation that Defendant Cokeley's allegedly false statements to the Board of Pharmacy that he did not abide by their employer's health screening process occurred outside the scope of Defendant Cokeley's employment is plausible. Moreover, on the face of the complaint, it does not appear Plaintiff's tort claims against Defendant Cokeley arise from the same factual basis as his MHRA claims against Defendant Sam's West.[8]

In the context of a fraudulent joinder analysis the Court must resolve all facts and ambiguities in the substantive law in favor of Plaintiff. *See id.* at *2; *Hayes v. Rad Transport, Inc.*, No. 10-0787-CV-W-ODS, 2010 WL 3807052, at *2 (W.D. Mo. Sept. 23, 2010) ("The Court is not to resolve factual issues, and the Court should not resolve issues of law," but instead "[t]he Court's task is to determine whether the claim clearly lacks any basis – that is, if it is barred as a matter of law or if it [is] based on facts that clearly provide no basis for liability.") Moreover, the fraudulent-joinder analysis does not consider the sufficiency of the complaint to state a claim but rather "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" *Hayes*, 2010 WL 3807052, at *2 (quoting *Filla*, 336 F.3d at 810).

Because the petition does not establish on its face Defendant Cokeley was acting within the scope of an employment relationship or Plaintiff's tort claims arise from the same factual basis as his MHRA claims against Defendant Sam's West and thus is not barred by the MHRA's exclusive-remedy provision, the Court concludes Missouri law might impose liability based on

---

[8] Additionally, Defendants' reliance on *Hoaglin* and *Reese* here is not persuasive to the extent neither case explained how or why the claims asserted were based on the same facts as the plaintiff's MHRA claims. These cases do not aid Defendants' argument other than establishing the general principle that claims based on the same facts as a plaintiff's MHRA claim are barred under the MHRA's exclusive-remedy provision. And as previously noted, it is Defendants' burden to establish federal subject matter jurisdiction and therefore that the fraudulent joinder exception applies to establish diversity of citizenship jurisdiction under § 1332 despite Defendant Cokeley's non-diverse citizenship. *Commercial Sav. Bank v. Commercial Fed. Bank*, 939 F. Supp. 674, 680 (N.D. Iowa Sept. 23, 1996) (collecting cases).

7

Plaintiff's tort claims against Defendant Cokeley.[9] In other words, since it appears the state court might impose liability against Defendant Cokeley notwithstanding the MHRA's exclusive-remedy provision, Plaintiff's tort claims against Defendant Cokeley are colorable, and the fraudulent joinder exception does not apply as the case is presented to this Court. Accordingly, the Court lacks subject matter jurisdiction since complete diversity of citizenship did not exist at the time of removal. Therefore, the case must be remanded pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Plaintiff's motion to remand (Doc. 13) is **GRANTED** and the case is remanded to state court.[10]

    **IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 19, 2022

---

[9] Although not explicitly raised by either party, the Court recognizes at least one other court in this district has suggested common law tort claims asserted against a co-employee not specific to an employee-employer relationship (such as assault, battery, etc.) remain colorable state-law causes of action under Missouri law given the 2017 amendment to the MHRA's definition of "employer" to specifically *exclude* from that definition "[a]n individual employed by an employer." Mo. Rev. Stat. § 213.010(8)(c); *see Coats v. Tyson Foods, Inc.*, No. 21-cv-06154-SRB, 2022 WL 138128, at *3 (W.D. Mo. Jan. 14, 2022) (finding addition of common law claims for defamation and invasion of privacy and/or false light against co-employee would not be futile as barred by the MHRA's exclusive-remedy provision; recognizing these causes of action against a co-employee "do[es] not fall within the scope of MHRA's exclusivity provision"); *Matthews v. Syncreon.us, Inc.*, No. 20-CV-6140-SRB, 2020 WL 6538332, at *4 (W.D. Mo. Nov. 6, 2020) (noting, "Nothing indicates, either in statute or Missouri case law, that the Missouri legislature intended to grant complete immunity from all liability for co-workers" and "a state court might conclude that Missouri law would not impose liability against a co-employee for a violation of human rights, but would impose liability for assault, battery, and other common law causes of action").

[10] Also pending before the Court is Defendant Cokeley's motion to dismiss Plaintiff's defamation and tortious interference claims. (Doc. 22.) Because the Court finds it lacks subject matter jurisdiction and must remand the case to state court, it does not take up Defendant's motion to dismiss.